IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWEST DIVISION

| | |
|---|---|
| CNH America LLC,<br><br>                            Plaintiff,<br><br>vs.<br><br>Magic City Implement, Inc.<br><br>                            Defendant. | Court File No. 4:10-cv-00060-DLH-CSM<br><br>SCHEDULING/DISCOVERY PLAN |

## SCHEDULING/DISCOVERY PLAN

Pursuant to Rule 26(f), counsel for the parties certify that on November 4, 2010 they conferred by telephone to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

1. The parties shall make by December 2, 2010, Rule 26(a)(1) disclosures.

2. The issues on which the parties need to conduct discovery are:

   a. Efforts by Magic City Implement ("Magic City") to meet sales objectives and a share of the market benchmarks established in the Agricultural Equipment.

   b. Meetings, correspondence and dialogue between representatives of Case Corporation (now CNH America) and Magic City concerning efforts by Magic City to meet sales objectives and a share of the market benchmarks established in the Agreement.

c.  Defenses contained in Magic City's Answer including, laches, waiver, estoppel, unclean hands, contributory fault, CNH's prior breaches of the Agreement, breach of express covenant of good faith and fair dealing, assumptions of risk by CNH, conditions precedent and necessary predicates to Magic City's obligations under the Agreement and factors outside Magic City's control that caused or contributed to Magic City's inability to meet sales objectives and a share of the market benchmarks established in the Agreement.

c.  Circumstances surrounding the September 27, 2007, letter from Magic City to CNH including the return of the receipt for the delivery of the letter.

d.  Evidence of poor performance of IH products as alleged in the September 27, 2007, letter.

e.  Evidence of alleged damages.

3.  The parties shall have until May 31, 2011, to complete fact discovery and to file discovery motions.

4.  The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) as follows:

a.  Plaintiff and defendant shall disclose the names of experts testifying on matters for which they bear the burden of proof by June 15th, 2011, and reports by July 15, 2011.

b.  Plaintiff and Defendant shall disclose the names of rebuttal experts by August 15, 2011, and reports by September 15, 2011.

5. The parties shall have until November 15, 2011, to complete discovery depositions of expert witnesses.

6. The parties shall have until June 15, 2011, to move to join additional parties.

7. The parties shall have until June 15, 2011, to move to amend pleadings to add claims or defenses.

8. The parties shall have until July 1, 2011, to file other non-dispositive motions (e.g., consolidation, bifurcation).

9. The parties shall have until January 31, 2011, to file threshold motions (e.g., jurisdiction, qualified immunity, statute of limitations). Discovery (shall not) be stayed during the pendency of such motions.

10. The parties shall have until October 24, 2011, to file other dispositive motions (summary judgment as to all or part of the case).

11. Each party shall serve no more than 25 interrogatories, including subparts. No broad contention interrogatories (i.e., "List all facts supporting your claim that . . .") shall be used. Additional interrogatories may be served upon showing of good cause.

12. Each side shall take no more than 10 discovery depositions. Additional discovery deposition may be allowed upon showing of good cause.

13. Depositions taken for presentation at trial shall be completed 30 days before trial.

14. Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution and have determined that it is too early to determine the usefulness and timing of alternative dispute resolution.

15. A mid-discovery status conference would not be helpful in this case.

16. The parties will not voluntarily waive their rights to proceed before a district judge and consent to have a magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

17. Magic City has demanded a jury trial on its counter-claim.

18. The estimated length of trial is 7 days.

Dated this ____ day of November, 2010.    PEARCE & DURICK

By: _____
Patrick W. Durick (ND #03141)
314 East Thayer Avenue
P.O. Box 400
Bismarck, ND   58502-0400
(701) 223-2890
*Attorneys for CNH America LLC*

Dated this ____ day of November, 2010.    DADY & GARDNER, P.A.

By: _____
J. Michael Dady
John D. Holland
5100 IDS Center
80 South Eighth Street
Minneapolis, MN   55402
(612) 359-9000

and

Bryan Van Grinsven (ND #05357)
McGee, Hankla, Backes & Dobrovolny, PC
15 2nd Ave. SW, Suite 305
P.O. Box 998
Minot, ND   58701
(701) 852-2544

*Attorneys for Magic City Implement, Inc.*

## **ORDER**

The above scheduling/discovery plan is approved with the following additions/modifications:

Dated this 9th day of November, 2010.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge