**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| CNH America LLC, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING PLAINTIFF'S** |
| ) | **MOTION TO DISMISS** |
| vs. ) | |
| ) | Case No. 4:10-cv-060 |
| Magic City Implement Inc, ) | |
| ) | |
| Defendant. ) | |

Before the Court is the Plaintiff's motion to dismiss the Defendant's counterclaim filed on November 3, 2010. See Docket No. 22. The Defendant filed a response in opposition to the motion on November 24, 2010. See Docket No. 29. The Plaintiff filed a reply on December 13, 2010. See Docket No. 32. For the reasons explained below, the Plaintiff's motion is denied.

**I.    BACKGROUND**

Plaintiff CNH America, LLC ("CNH") manufactures and distributes Case IH brand agricultural equipment. On August 23, 1990, CNH entered into an "Agricultural Equipment Sales & Service Agreement" ("the Agreement") with Defendant Magic City Implement, Inc. ("Magic City"), appointing Magic City as an authorized dealer of Case IH agricultural equipment. See Docket No. 1-1. The Agreement requires Magic City to "Promote and sell Products sufficient to achieve sales objectives and a share of market satisfactory to the Company within the Dealer's Sales and Service Area" and "Meet such other reasonable standards of performance as may be established from time to time by the Company." See Docket No. 1-1, pp. 1-2 (capitals in original). Between August 9, 2006, and February 8, 2010, CNH sent Magic City fourteen notices of default, informing Magic City that it had not achieved its expected market share.

On August 2, 2010, CNH filed a complaint seeking declaratory judgment "that CNH has good cause under Section [51-07-01.1], N.D.Cent.Code to terminate its Agricultural Sales and Service Agreement with Magic City." See Docket No. 1. N.D.C.C. § 51-07-01.1 provides:

1. Any manufacturer, wholesaler, or distributor of merchandise and tools covered under section 51-07-01, excluding automobile dealers, truck dealers, or parts dealers of the automobiles or trucks, that enters a contract with any person engaged in the business of retailing the covered merchandise by which the retailer agrees to maintain a stock of the covered merchandise <u>may not terminate, cancel, or fail to renew the contract with the retailer without good cause</u>.

2. For the purpose of this section, good cause for terminating, canceling, or failing to renew a contract is limited to failure by the retailer to substantially comply with those essential and reasonable requirements imposed by the contract between the parties if the requirements are not different from those requirements imposed on other similarly situated retailers. The determination by the manufacturer, wholesaler, or distributor of good cause for the termination, cancellation, or failure to renew must be made in good faith.

3. In any action against a manufacturer, wholesaler, or distributor for violation of this section, the manufacturer, wholesaler, or distributor shall establish that the termination, cancellation, or failure to renew was made in good faith for good cause. <u>If a notice of termination is issued and the dealer challenges the notice by filing an action, there is an automatic stay during the pendency of the action. If the manufacturer, wholesaler, or distributor fails to establish good cause for its action, the manufacturer, wholesaler, or distributor is liable for all special and general damages sustained by the plaintiff, including the costs of the litigation and reasonable attorney's fees for prosecuting the action and the plaintiff, if appropriate, is entitled to injunctive relief</u>. This section applies to all contracts now in effect which have no expiration date and are continuing contracts and all other contracts entered, amended, or renewed after July 31, 2003. Any contract in force and effect on August 1, 2003, which by its terms will terminate on a date subsequent thereto is governed by the law as it existed before August 1, 2003.

N.D.C.C. § 51-07-01.1 (emphasis added).

On September 21, 2010, Magic City filed an answer and counterclaim. See Docket No. 16. In Count I of its counterclaim, Magic City seeks a declaratory judgment "that CNH does not have

'good cause' to terminate the Written Agreement, and that any such termination by CNH would be in bad faith." See Docket No. 16. Magic City also requests costs and attorney's fees under N.D.C.C. § 51-07-01.1(3). In Count II of its counterclaim, Magic City "seeks a declaration that CNH has sought to terminate Magic City's Case IH dealership in violation of N.D. Cent. Code § 51-07-01.2(5)" and all damages proximately caused by the violation, including attorney's fees. See Docket No. 16. In Count III of its counterclaim, Magic City "seeks a declaration that CNH has breached its express duties under the contract," and damages including attorney's fees. See Docket No. 16.

On November 3, 2010, CNH filed a motion seeking dismissal of Magic City's counterclaim. See Docket No. 22. CNH contends that Magic City's counterclaim does not state a claim upon which relief can be granted. Specifically, CNH contends that portions of Magic City's counterclaim are duplicative of the complaint and CNH cannot be found to have violated the Agreement or N.D.C.C. § 51-07-01.1 because it has not yet sought to terminate the Agreement. Magic City contends that CNH has not shown good cause to terminate the Agreement.

## II.   STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure sets forth the federal pleading requirements for civil cases. Rule 8(a) provides that pleadings must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. When considering a

motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true. "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002)). The court may generally only look to the allegations contained in the complaint to make a Rule 12(b)(6) determination. McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). "[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the United States Supreme Court clarified the pleading requirements under the Federal Rules of Civil Procedure necessary to survive a motion to dismiss for failure to state a claim. The United States Supreme Court stated,

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the

4

>court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (internal citations omitted).

### III.   LEGAL DISCUSSION

#### A.   JURISDICTION

Initially, the Court must consider the matter of jurisdiction. CNH contends in its complaint that this Court has jurisdiction because "[t]he amount in controversy in this action, exclusive of interest and costs, exceeds the jurisdictional requirement established by 28 U.S.C. § 1332(a)." See Docket No. 1. However, CNH requests no damages and seeks only a declaratory judgment. Under the Declaratory Judgment Act, district courts may determine the rights and legal relations of interested parties. 28 U.S.C. § 2201(a). The Act "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Roark v. South Iron R-1 Sch. Dist., 573 F.3d 556, 561-62 (8th Cir. 2009) (citing Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)). As stated by the United States Supreme Court, "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). Ultimately, whether a district court grants relief in a particular case "will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." Id. at 287. The Court finds that it does not have jurisdiction under 28 U.S.C. § 1332(a), but in its discretion will exercise jurisdiction under 28 U.S.C. § 2201.

### B.      MAGIC CITY'S COUNTERCLAIM FOR A DECLARATORY JUDGMENT

CNH contends that Magic City's counterclaim for a declaratory judgment is merely duplicative of the complaint and should be dismissed "to promote efficiency." See Docket No. 24. In the complaint, CNH requests a declaratory judgment "that CNH has good cause under Section 57-07-01.1, N.D.Cent.Code to terminate its Agricultural Sales and Service Agreement with Magic City." See Docket No. 1. In Count One of its counterclaim, Magic City requests a declaratory judgment "that CNH does not have 'good cause' to terminate the Written Agreement, and that any such termination by CNH would be in bad faith." See Docket No. 16. While the parties' requests are similar, they are not completely duplicative. Accordingly, CNH's motion is denied as to Count One of Magic City's counterclaim for declaratory judgment.

In Count One of its counterclaim, Magic City also requests costs and reasonable attorney's fees under N.D.C.C. § 51-07-01.1(3), which provides in part:

> <u>If a notice of termination is issued and the dealer challenges the notice by filing an action</u>, there is an automatic stay during the pendency of the action. If the manufacturer, wholesaler, or distributor fails to establish good cause for its action, the manufacturer, wholesaler, or distributor is liable for all special and general damages sustained by the plaintiff, including the costs of the litigation and reasonable attorney's fees for prosecuting the action and the plaintiff, if appropriate, is entitled to injunctive relief.

N.D.C.C. § 51-07-01.1(3) (emphasis added). CNH has not yet sent Magic City a notice of termination. Therefore, Magic City is not entitled to costs or attorney's fees under N.D.C.C. § 51-07-01.1(3). If CNH in the future issues Magic City a notice of termination, Magic City may file an action to challenge the termination. At this time, the request for costs and attorney's fees under N.D.C.C. § 51-07-01.1(3) is premature.

### C. MAGIC CITY'S COUNTERCLAIM FOR VIOLATION OF N.D.C.C. § 51-07-01.2

N.D.C.C. § 51-07-01.2 provides, in part:

> A manufacturer, wholesaler, or distributor of farm implements, machinery, or repair parts who enters into a contract with any person engaged in the business of selling and retailing farm implements and repair parts for farm implements may not:
>
> . . . .
>
> 5. Attempt or threaten to terminate, cancel, fail to renew, or substantially change the competitive circumstances of the dealership contract for any reason other than failure of the farm equipment dealer to comply with the terms of the written contract between the parties or if the attempt or threat is based on the results of a circumstance beyond the farm equipment dealer's control, including a sustained drought or other natural disaster in the dealership market area or a labor dispute.

N.D.C.C. § 51-07-01.2(5). In Count Two of its counterclaim, Magic City "seeks a declaration that CNH has sought to terminate Magic City's Case IH dealership in violation of N.D. Cent. Code § 51-07-01.2(5)." See Docket No. 16. CNH contends that it has not attempted or threatened to cancel the Agreement:

> Magic City remains a Case IH dealer, CNH continues to sell its farm implements to Magic City and CNH has not otherwise altered the status of Magic City in any way. If the court finds termination would be in good faith for good cause, CNH would then have to decide whether to proceed with termination or to pursue some alternative course of action. If the court found good faith and/or good cause wanting, Magic City would continue as a Case IH dealer.

See Docket No. 32 (footnote omitted). The Court finds that Count Two of Magic City's counterclaim arguably states a claim upon which relief can be granted because CNH has allegedly "attempted" or threatened to terminate the dealership contract by sending out 14 notices of default and commencing this lawsuit. CNH's motion as to Count Two of Magic City's complaint is denied at this early stage of the litigation.

**D.    MAGIC CITY'S COUNTERCLAIM FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING**

In Count Three of its counterclaim, Magic City contends that CNH has breached the duties of good faith and fair dealing it owes to Magic City under N.D.C.C. §§ 41-01-18 and 51-07-01.1(3). Title 41 of the North Dakota Century Code is North Dakota's version of the Uniform Commercial Code.  N.D.C.C. § 41-01-18 (U.C.C. § 1-304) provides:

> Every contract or duty within this title imposes an obligation of good faith in its performance and enforcement.  This section does not support an independent claim for relief for failure to perform or enforce in good faith and does not create a separate duty of fairness and reasonableness which can be independently breached.

Magic City's counterclaim states:

> 71.    In refusing to grant its consent to Magic City's request to either purchase or establish an additional location, CNH breached Section 4 of the Written Agreement and its obligation to observe reasonable commercial standards of fair dealing.
>
> 72.    The conduct by CNH . . . is evidence of the bad faith nature of CNH's instant attempt to terminate the Written Agreement.
>
> 73.    Magic City seeks a declaration that CNH has breached its express duties under the contract.
>
> 74.    As a result of such breach, Magic City is entitled to recover any and attorney's fees and compensation for any damages it has suffered as a direct and proximate result.

See Docket No. 16.  In its prayer for relief, Magic City requests:

1.    A declaration that CNH does not have good cause to terminate the Written Agreement, and that any determination by CNH that it does have good cause to terminate was made in bad faith;

2.    A judgment awarding Magic City its full amount of damages;

3.    A judgment awarding Magic City its costs, disbursements, and attorneys' fees incurred as a result of CNH's Complaint and Magic City's Counterclaims;

    4.    A judgment awarding Magic City such other and further relief as this Court may deem just and appropriate.

See Docket No. 16.

Reading the answer and counterclaim as a whole, the Court interprets Count Three of Magic City's counterclaim to allege that CNH's attempt to terminate the Agreement is a breach of the Agreement and CNH's duty of good faith and fair dealing. CNH seeks a declaratory judgment that it has good cause to terminate the Agreement. Depending on the outcome of the declaratory judgment action, CNH may or may not attempt to terminate the Agreement in the future. The primary issue in both the complaint and the counterclaim is whether the dealership agreement between the parties can be terminated in good faith and for good cause. At this early stage the Court finds that the counterclaim contains sufficient facts to survive a motion to dismiss. Accordingly, CNH's motion as to Count Three of Magic City's counterclaim is denied.

## IV.    CONCLUSION

The Court has carefully considered the pleadings, the Plaintiff's motion, and the Defendant's response. The Court **DENIES** the Plaintiff's motion to dismiss the Defendant's counterclaim (Docket No. 22) at this stage of the litigation. The Court recommends that the parties consider an early settlement conference in an attempt to address the multitude of issues raised in this litigation.

**IT IS SO ORDERED.**

Dated this 31st day of January, 2011.

                                           */s/ Daniel L. Hovland*
                                           Daniel L. Hovland, District Judge
                                           United States District Court